IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAWANA SCOTT,<br> Plaintiff<br><br>v.<br><br>SOCIAL INVOLVEMENT MISSIONS, INC. individually and d/b/a Indelible Impressions Learning Center,<br><br>Defendant. | CIVIL ACTION NO:<br>1:17-4963-AT-CCB |

## OPINION AND ORDER

Plaintiff Jawana Scott filed this employment discrimination action on December 6, 2017, bringing claims against her former employer, Social Involvement Missions, Inc. d/b/a Indelible Impressions Learning Center ("Defendant" or "IILC") for pregnancy discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"); for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.,* ("ADA"); and for retaliation under Title VII and the ADA. (Doc. 1.) On May 1, 2019, Defendant filed its Motion for Summary Judgment. (Doc. 26.) After full briefing, this case was submitted to the Magistrate Judge for review. Accordingly, the Magistrate Judge's Final Report and Recommendation ("R&R")[Doc. 34] and Defendant IILC's objections [Doc. 42] are currently before the Court.

**I. Report and Recommendation of the Magistrate Judge**

After reviewing the relevant facts and the Parties' arguments, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment (Doc. 26) be denied in full. (R&R, Doc. 34 at 27.) The Magistrate Judge first recommends denial of summary judgment on Count I – Plaintiff's claim for pregnancy discrimination under Title VII — because (1) Plaintiff presented direct evidence of discrimination and, alternatively, (2) Plaintiff presented a convincing mosaic of evidence from which a jury could infer discriminatory intent. (*Id.*) Second, the Magistrate Judge recommends denial of summary judgment on Counts II and III – Plaintiff's ADA and Retaliation claims — because Defendant waived argument by failing to address these claims in its Motion for Summary Judgment. (*Id.*)

Defendant objects to the Magistrate Judge's findings that: (1) Defendant waived argument on Plaintiff's ADA claim (but not the Retaliation claim); (2) Plaintiff presented direct evidence of discrimination; and (3) Plaintiff established a convincing mosaic of circumstantial evidence from which a jury could infer discrimination. (Doc. 42.)

**II. Standard of Review**

After conducting a careful and complete review of a magistrate judge's findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C); *Williams v. Wainwright,* 681 F.2d 732, 732 (11th Cir. 1982). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper

objection on a *de novo* basis and any non-objected portion for plain error. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. Of Educ. Of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). In review, the Court applies the standards for grant of summary judgment under Rule 56 of the Federal Rules of Civil Procedure set forth in *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986) and its progeny.[1]

### III. Review of Objections to the R&R

*A. Objection to the finding that Defendant waived argument on Count II*

Defendant first objects to the Magistrate Judge's "failure to consider Defendant's [Summary Judgment] Motion concerning Plaintiff's ADA claim." (Obj. at 3.)[2] Specifically, Defendant contends that it did not waive argument on Count II (Plaintiff's ADA claim) because the arguments it propounded and the legal authority it cited with respect to Plaintiff's Title VII pregnancy discrimination claim (Count I) also apply to Plaintiff's ADA claim. (Obj. at 6.)

After careful review, the Court agrees with the finding of the Magistrate Judge. Defendant's Motion for Summary Judgment does not mention the ADA or

---

[1] The district court should resolve all reasonable doubts about the facts in favor of the non-movant and draw all justifiable inferences in [her] favor." *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Cntys. in State of Ala.*, 941 F.2d 1428, 1437 (11th Cir. 1991) (*en banc*) (citations and punctuation omitted). The Court may not weigh conflicting evidence or make credibility determinations. *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993), *reh'g denied*, 16 F.3d 1233 (11th Cir. 1994) (*en banc*).

[2] Notably, Defendant does not argue that the Magistrate Judge improperly denied summary judgment as to Count III. Consequently, the Court reviews the Magistrate Judge's findings as to Count III for plain error and finds none, as Defendant has waived argument on Count III by failing to address it in its Motion for Summary Judgment.

Count II. (Doc. 26.) Furthermore, in its summary judgment brief, Defendant did not contend that its arguments with respect to Plaintiff's PDA claim also applied to her ADA claim, or otherwise indicate in any way that it intended to rely on its PDA arguments for purposes the ADA claim. Defendant has thus waived this argument. *Little v. T-Mobile USA, Inc.,* 691 F.3d 1302, 1306 (11th Cir. 2012); *Starbucks v. R.J. Reynolds Tobacco Company*, 349 F.Supp.3d 1223, 1229 (M.D. Fla. 2018) ("A party cannot raise new arguments in support of summary judgment for the first time in a reply brief, [] let alone at oral argument.") (citing *Herring v. Secretary, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005)).

Beyond that, even if Defendant had raised this point in a timely manner, the Court would still find this argument unavailing. Plaintiff's pregnancy discrimination claim and her ADA claim arise under different statutes and assert different violations of the law. *Compare* 42 U.S.C. §§ 2000e *et seq*. ("Title VII") as amended by the PDA, 42 U.S.C. § 2000e(k) *with* 42 U.S.C. §§ 12101, *et seq*. The elements necessary to establish a *prima facie* case through the *McDonnell-Douglas* framework are different for pregnancy discrimination and disability discrimination.[3] The causation standards are also distinct.[4]

---

[3] *See Young v. United Parcel Service, Inc.,* 135 S.Ct. 1338, 1354 (2015) (explaining that plaintiff alleging denial of accommodation as PDA violation must show "that she belongs to a protected class, that she sought accommodation, that employer did not accommodate her, and that employer did accommodate others similar in ability or inability to work). In contrast, a plaintiff alleging failure to accommodate under the ADA must show that she has a disability within the meaning of the ADAAA; that she could, with or without accommodation, perform the essential functions of her job; and that she was discriminated against because of her disability. *Holly v. Clairson Indust.*, LLC, 492 F.2d 1247, 1256 (11th Cir. 2007).

[4] *See McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1076 (11th Cir. 1996) (holding that ADA imposes a "but-for" liability standard); *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012)

Despite Defendant's post-hoc contention that its arguments founded upon *Young v. United Parcel Service, Inc.*, 135 S.Ct. 1338 (2015) should be read to apply to Plaintiff's ADA claim, the Eleventh Circuit has explained that "*Young* applies to the PDA and did not create any special considerations for ADA claims." *Monroe v. Fla. Dep't of Corr.*, 793 F. App'x. 924, 928 (11th Cir. 2019).[5] As Defendant did not mention Count II or the ADA in its summary judgment brief or timely argue that *Young* applied to Plaintiff's ADA claims, IILC's first objection is overruled.

B. *Objection to the finding of direct evidence*

Defendant next objects to the Magistrate Judge's finding of direct evidence of pregnancy discrimination in the comment of Plaintiff's manager that Plaintiff was being placed on unpaid leave because of her pregnancy and IILC's worries about potential liability stemming from her pregnancy. (R&R at 19.)

Specifically, on September 15, 2015, Plaintiff sent a text message to one of IILC's board members stating, "if I lose my baby due to heavy lifting and a careless administrative staff, I won't be letting it ride," and further that "I just spoke with my doctor today and this definitely can be a legal matter if handled wrong." (Doc. 30-1 ¶ 10; Doc. 26-15 at 2.) Shortly thereafter, Plaintiff's direct supervisor, Uneeta Dennis, told Plaintiff that she was being placed on unpaid leave "[s]o that will not

---

(explaining that a plaintiff can prevail on pregnancy discrimination claim by showing that her pregnancy was a "motivating factor" for an employment decision).

[5] The plaintiff in *Young* filed a petition for certiori only on the appellate court's interpretation of the Pregnancy Discrimination Act. *Young*, 135 S.Ct. at 1348. The Supreme Court "expresse[d] no view" as to her ADA claim or the relevance of statutory and regulatory changes in the Americans with Disabilities Amendments Act of 2008, 42 U.S.C. §§ 12102(1)-(2). *Id.*

only just keep you safe, but the children safe in the classroom, your baby as well. So we don't want any liabilities and the legal actions that you had mentioned to them that will arise or anything like that, okay." (Doc. 30-5 at 2.)

Defendant argues that Ms. Dennis' statements are not direct evidence of discrimination because they "speak more to the Plaintiff's qualifications instead of her status or condition." (Obj. at 9.)[6] The Court, viewing the evidence in the light most favorable to the non-moving party as required upon summary judgment, finds otherwise.

Ms. Dennis' statement clearly indicates that Plaintiff was being placed on unpaid leave (an adverse employment action) "so that" Plaintiff and her baby would be kept safe and because IILC did not want any legal liability based on the concerns Plaintiff had previously raised about her pregnancy and need for an accommodation. Ms. Dennis' statement therefore is evidence that Defendant was taking adverse action against Plaintiff *because of* her pregnancy. That part of IILC's justification for its action in placing Plaintiff on unpaid leave was to keep her and her baby safe does not dilute the nature of Ms. Dennis' statement as direct evidence.[7] As the Magistrate Judge correctly explained, no inference is required to make the connection between IILC's action and its given reasons for that action, as

---

[6] In so arguing, Defendant devotes a great deal of attention to arguing that Plaintiff was not qualified for her position in light of her lifting restriction. Not only are the requirements for Plaintiff's position in dispute (*see* R&R at 4-5), but this argument has no bearing on whether Ms. Dennis' statement constitutes direct evidence.

[7] Moreover, an employer's fears of tort liability for potential fetal injuries is not a valid defense to claims of unlawful pregnancy discrimination. See, *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., UAW v. Johnson Controls, Inc.,* 499 U.S. 187, 210 (1991).

stated by Ms. Dennis, two of which involved Plaintiff's pregnancy. This objection is overruled.

### C. Objection to the finding that Plaintiff established a convincing mosaic

Finally, Defendant objects to the Magistrate Judge's finding that Plaintiff established a convincing mosaic of evidence by which a jury could infer discriminatory intent, in the alternative to presenting direct evidence. (R&R at 24.) The Magistrate Judge determined that Plaintiff established a convincing mosaic through the discriminatory comments of Plaintiff's direct manager, Ms. Dennis, and through disputed evidence relating to Plaintiff's requested accommodations. (*Id*.) Defendant argues that Plaintiff's pregnancy discrimination necessarily fails because she has not presented any evidence of its treatment of similarly situated employees, noting that the Plaintiffs in *Smith v. Lockheed-Martin Corp*., 644 F.3d 1321 (11th Cir. 2011) adduced some evidence related to the treatment of employees outside of their protected class. (Obj. at 10) ("Here, a fundamental flaw of the Plaintiff's disparate treatment claim is her failure to offer any evidence of the Defendant's treatment of its other similarly situated non-pregnant employees.")

IILC's argument only highlights the rationale behind the convincing mosaic analysis, initially articulated by the Eleventh Circuit in *Smith v. Lockheed-Martin Corp*. and since reiterated on numerous occasions. The convincing mosaic analysis is not intended to be a rigid formula; there is not one way of proving a case through its lens. Instead, it allows a reviewing court to consider relevant evidence of discrimination that does not fall within the ambit of the traditional *prima facie*

7

case under *McDonnell-Douglas*, and to permit a plaintiff's claim to proceed where she is unable to meet one of the *prima facie* elements under *McDonnell-Douglas* but nevertheless presents sufficient circumstantial evidence of discrimination. *See e.g. Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249 (11th Cir. 2012) ("Whatever form it takes, if the circumstantial evidence is sufficient to raise a 'reasonable inference that the employer discriminated against the plaintiff, summary judgment is improper.'") (citing *Smith v. Lockheed-Martin Corp*, 644 F.3d at 1328).

Indeed, the Eleventh Circuit's holding in *Hamilton v. Southland Christian Sch., Inc.,* 680 F.3d 1316, 1320 (11th Cir. 2012) forecloses exactly the argument Defendant makes here. In that case, the Eleventh Circuit reversed the district court's grant of summary judgment to the employer on plaintiff's pregnancy discrimination claim because it found that the plaintiff had presented circumstantial evidence that created a triable issue concerning the employer's intent. *Id*. at 1320. The employer in that case made the exact same argument IILC makes here — that the plaintiff had not presented sufficient circumstantial evidence because she "undisputedly cannot show a nonpregnant comparator who was treated differently." *Id*. However, in striking down this argument, the court explained that a plaintiff "does not have to show a comparator if she can show enough non-comparison circumstantial evidence to raise a reasonable inference of intentional discrimination." *Id*. Thus, Defendant IILC's argument that Plaintiff cannot make out a *prima facie* case under *Young* because she has presented no

8

evidence of Defendant's treatment of or accommodations for non-pregnant employees, or because Plaintiff has not presented evidence that she was qualified for an administrative position that did not require lifting[8], does not preclude her from maintaining a claim through the alternative convincing mosaic analysis. This objection is also overruled.

## IV. Conclusion

Accordingly, the Court **OVERRULES** Defendant's Objections [Doc. 42], **ADOPTS** the Magistrate Judge's R&R [Doc. 34], and **DENIES** Defendant's Motion for Summary Judgment [Doc. 26] as to all counts. The Court **ORDERS** the parties to engage in mediation to be conducted by a magistrate judge of this Court. The Clerk is **DIRECTED** to refer this action to the next available magistrate judge (other than Magistrate Judge Bly) for the purpose of conducting the mediation. The mediation shall be concluded within forty-five (45) days of the date of this order unless otherwise extended by the Magistrate Judge. If the case is not settled at the mediation, the parties are **DIRECTED** to file a status report with

---

[8] On this point, Defendant acknowledges, or at least does not clearly oppose, the Magistrate Judge's finding that questions of material fact exist as to whether there should or could have been an assistant teacher assigned to assist Plaintiff, and as to whether there was an available administrative position that Plaintiff could have transferred to in order to comport with her lifting restriction. (Obj. at 11.) Rather, Defendant brushes these questions aside, suggesting that it was not required to provide Plaintiff with her preference in terms of an accommodation. But Defendant has not presented evidence as to why it could not honor Plaintiff's requests or shown why honoring Plaintiff's requests would impose an undue hardship. In light of these material disputes of fact surrounding potential accommodations, in conjunction with Ms. Dennis' statement, summary judgment for IILC is improper. *Chapter 7 Trustee*, 683 F.3d 1249 at 1256 (finding that plaintiff presented a convincing mosaic of circumstantial evidence to allow a jury to reasonably infer that defendant terminated her because of her pregnancy and that "his inaction in not attempting to find her a light-duty job" was a violation of Title VII).

the Court within ten (10) days of the conclusion of the mediation and file a proposed consolidated pretrial order within twenty (20) days of the conclusion of the mediation.

**IT IS SO ORDERED** this 9th day of December, 2020.

_____
**Amy Totenberg
United States District Judge**